# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KEITH OWENS # 41804-037              *

Petitioner                          *      Civil Action No.  RDB-12-2979

v                                   *

UNITED STATES OF AMERICA            *

Respondent                          *
                                   ***

## MEMORANDUM OPINION

Self-represented Petitioner Keith Owens is challenging the calculation and execution of his federal sentence, and claims he has been improperly denied credit toward his federal sentence for state time served. ECF No. 1.   He alleges "it is not officially documented" that his federal sentence was to "run concurrent with the state sentence" he was serving at the time of sentencing and claims there has been a "clerical mistake." *Id.*

## BACKGROUND

Owens, an inmate at the Federal Correctional Institution in Cumberland, Maryland, was sentenced on August 29, 2005, to a total of 153 months incarceration for bank robbery and using, carrying and brandishing a firearm during and in relation to a crime of violence. *See United States v. Owens*, Criminal Action No. RDB-05-75. He was sentenced to 57 months imprisonment for bank robbery and 97 months for the firearms offense.  His federal sentences were imposed to run consecutively.  *See id.*

## DISCUSSION

### A.  RULE 60

Owens filed his pleading as a Motion to Correct Sentence Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure on the grounds of clerical mistake.  Rule 60(a) of the Federal

Rules of Civil Procedures states that a court "may correct a clerical mistake or a mistake arising from over-sight or omission whenever one is found in a judgment order or other part of the record."  Fed. R.C. P.  60 (a).  Owens, however, provides no facts to support his claim of clerical error.  His self-serving assertion that "[d]uring the sentencing hearing, [he] was given the idea he would have to return back to federal court for a start date," lacks substantiation and fails to provide grounds for relief. *Id*.

## B.  PETITION FOR WRIT OF HABEAS CORPUS

The Court deems Owen's pleading is more appropriately construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation and execution of his sentence, s*ee* 28 U.S.C. §2241(a), and it shall be considered accordingly.  The calculation of credit for time served against a federal sentence is governed by 18 U.S.C. § 3583.  The Attorney General, through the Bureau of Prisons (BOP), is responsible for implementing this provision. *See United States v. Wilson*, 503 U.S. 329 (1992). Once administrative remedies available through the BOP are exhausted, a prisoner may seek judicial review of his jail time credits by filing a habeas petition under 28 U.S.C. §2241.  *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (holding that a claim for jail time credits should be brought under §2241). Because Owens acknowledges that he has yet to exhaust his administrative remedies, the Petition will be dismissed without prejudice to refiling after exhaustion. Plaintiff will be provided a § 2241 information and forms packet in the event he intends to file a habeas petition after exhaustion.

It bears noting that a federal sentence to a term of imprisonment begins "on the date the defendant is received in custody awaiting transportation to… the official detention facility at

which the sentence is to be served."  18 U.S.C. § 3585(a).   Prior custody credit is governed by

18 U.S.C. § 3585(b) which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Double-counting or awarding an inmate credit on a federal sentence period that has already been

credited against his state sentence is precluded by statute. *See* 18 U.S.C. § 3585(b) (2); *see also*

*Wilson*, 503 U.S. at 337 (stating "Congress made clear that a defendant could not receive double

credit for his detention time."); *U.S. v Brown,* 977 F.2d 574 (4th Cir. 1992) (holding that a

defendant may receive credit against his federal sentence for time spent in official detention prior

to the date his sentence commences unless it has been credited against another sentence.).

### C.  CERTIFICATE OF APPEALABILITY

This Court declines to issue a Certificate of Appealability (COA) because there has been

no substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. §2253(c) (2).

### CONCLUSION

Owens' pleading, treated it as a Petition for Writ of Habeas Corpus under 28 U.S.C.

§ 2241, shall be dismissed without prejudice for lack of exhaustion.  A separate Order follows.

October 25, 2012                        _____/s/_____
Date                                                     RICHARD D. BENNETT
                                                              UNITED STATES DISTRICT JUDGE